UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CHAD W. LAUGHLIN,<br><br>　　　　　　Petitioner,<br><br>v.<br><br>STEVEN LITTLE,<br><br>　　　　　　Respondent. | Case No. 4:11-cv-00403-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

　　　　Pending before the Court is a Motion for Summary Dismissal filed by Respondent on March 20, 2012. (Dkt. 13.) Petitioner has filed his Response (Dkt. 18), and the Motion is now ripe for adjudication.

　　　　Having fully reviewed the record, including the state court record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and record and that the decisional process would not be significantly aided by oral argument. Therefore, in the interest of avoiding delay, the Court shall decide this matter on the written motions, briefs and record without oral argument. D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order.

**MEMORANDUM DECISION AND ORDER - 1**

## REVIEW OF MOTION TO DISMISS

**1.     Background**

Petitioner pleaded guilty to one count of possession of a controlled substance and, in a separate pending criminal case, one count of grand theft by disposing of stolen property, in the Fifth Judicial District Court in Twin Falls County, Idaho. (State's Lodgings A-2, B-2.) His judgment of conviction was entered on June 26, 2006. (State's Lodgings A-3, B-3.)

On July 27, 2006, Petitioner was sentenced in the controlled substance case to seven years fixed, but his sentence was suspended, and he was placed on probation for seven years. (State's Lodging A-3.) On the same date, Petitioner was sentenced to a term of 14 years, with the first seven years fixed, to be served concurrently with his controlled substance sentence; again, the sentence was suspended, and he was placed on seven years of probation. (State's Lodging B-3.) Petitioner did not file a direct appeal in either case. (State's Lodgings A-9, B-9.)

Two years later, Petitioner violated the terms of his probation. As a result, his probation was revoked, and new sentences were entered on February 11, 2008, requiring him to serve concurrent sentences of five years fixed on each conviction, with two years indeterminate on the possession conviction and nine years indeterminate on the grand

**MEMORANDUM DECISION AND ORDER - 2**

theft conviction. (State's Lodgings A-6, B-6.) Petitioner did not appeal. (State's Lodging A-9, B-9.)

On June 10, 2008, Petitioner filed Rule 35 motions for reconsideration, seeking leniency in sentencing in both cases. (State's Lodgings A-7, B-7.) Both motions were denied as untimely on August 26, 2008, and Petitioner did not appeal the decisions denying relief. (State's Lodgings A-8, B-8, A-9, B-9.)

On February 4, 2009, Petitioner filed petitions for post-conviction relief in both actions, raising ineffective assistance of counsel claims regarding counsel's performance in the revocation of probation proceedings and counsel's advice given on the time frame for the filing of the motions to reconsider. (State's Lodgings C-1, E-1.) The state district court held an evidentiary hearing on the matter and denied post-conviction relief on September 28, 2009. (State's Lodgings C-4, E-4.)

Petitioner filed pro se notices of appeal challenging denial of post-conviction relief in both cases. (State's Lodgings C-5, E-5.) Petitioner's notices of appeal were eventually dismissed on January 6, 2010, because the state district court found that Petitioner could afford to pay associated fees, but failed to pay them. (State's Lodgings D-1, F-1, D-2, F-2, C-7, E-7, D-3, F-3.) The remittiturs in both cases were issued on January 29, 2010. (State's Lodgings D-4, F-4.)

**MEMORANDUM DECISION AND ORDER - 3**

Petitioner next filed a successive post-conviction petition on April 15, 2010. That petition was dismissed on May 24, 2010. (State's Lodgings G-1 to G-5.) Petitioner filed a notice of appeal, which was deemed untimely;[1] as a result, the appeal was dismissed by the Idaho Supreme Court on August 27, 2010, with the remittitur issued on September 21, 2010. This concluded Petitioner's state court actions. (State's Lodgings G-6, H-1 to H-4.)

In this action, Petitioner's Petition for Writ of Habeas Corpus challenging the 2006 conviction was constructively filed on August 15, 2011 (mailbox rule). (Dkt. 3.) Petitioner later filed an Amended Petition, on which he is currently proceeding. (Dkt. 7.) Respondent now argues that the original Petition was untimely and this entire action should be dismissed with prejudice. (Dkt. 13.)

## 2.    Statute of Limitations

### A.    *Standard of Law*

The Petition for Writ of Habeas Corpus in this case is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act (AEDPA), enacted in 1996. Under AEDPA, petitioners have a one-year statute of limitations period within which to file a federal habeas corpus petition. The one-year period usually begins to run from the date the state court judgment "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

---

[1] Petitioner asserts that the appeal was, in fact, filed on time. (Dkt. 18, pp. 4-5.)

**MEMORANDUM DECISION AND ORDER - 4**

The United States Supreme Court recently clarified application of this rule:

> For petitioners who pursue direct review all the way to this Court, the judgment becomes final at the "conclusion of direct review"—when this Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review"—when the time for pursuing direct review in this Court, or in state court, expires.

*Gonzalez v. Thaler*, 132 S.Ct. 641, 653-54 (2012).

The statute provides tolling (suspension) of the one-year period for all of "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). A motion to reduce a sentence that is not a part of the direct review process and that requires re-examination of the sentence qualifies as a collateral review application that tolls the one-year statute of limitations. *Wall v. Kholi*, 131 S.Ct. 1278 (2011). Thus, to the extent that a petitioner properly filed an application for post-conviction relief in state court, or other collateral review, the one-year federal limitations period stops running on the filing date of the action and resumes when the action is completed.

The limitations period also may be equitably tolled under exceptional circumstances. In *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), the Court clarified that,"[g]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some

**MEMORANDUM DECISION AND ORDER - 5**

extraordinary circumstances stood in his way." *Id*. at 418. To qualify for equitable tolling a circumstance must have caused a petitioner to be unable to file his federal petition in time. "Diligence" has been defined as "reasonable diligence," not "maximum feasible diligence." *Holland v. Florida*, 130 S.Ct. 2549, 2565 (2010) (internal citations omitted).

    **B.**    *Discussion of Timeliness*

Particularly at issue in this case is whether Petitioner's one-year statute of limitations began running one year after his first judgment was entered in 2006, or after his second judgment was entered in 2008. To determine that question, the Court looks to Idaho law governing finality and to the content of the federal Petition for Writ of Habeas Corpus.

    (1)    <u>Idaho Law Governing Finality</u>

In Idaho, a convicted criminal defendant has 42 days from the date a final order or judgment is entered in which to file an appeal. *See* I.A.R. 14(a). In *State v. Jakoski*, 79 P.2d 711 (Idaho 2003), the Idaho Supreme Court addressed the question of when a challenge to one's guilty plea must be brought to be deemed timely, under circumstances similar to those at issue in this case. There, after Mr. Jakoski's probation was revoked and his previously-suspended sentence executed, he filed a motion to withdraw his *Alford* plea. The Idaho Supreme Court held that the district court lacked jurisdiction to hear the motion to withdraw the guilty plea, because, [a]bsent a statute or rule extending

**MEMORANDUM DECISION AND ORDER - 6**

its jurisdiction, the trial court's jurisdiction to amend or set aside a judgment expires once the judgment becomes final, either by expiration of the time for appeal or affirmance of the judgment on appeal." 79 P.2d at 714.

    (2)    <u>Contents of Federal Habeas Corpus Petition</u>

All of Petitioner's challenges in this action are based on the 2006 judgment of conviction: (1) that his *Miranda* rights were violated, (2) that his conviction was based upon insufficient evidence; and (3) that he was either coerced or incompetent to plead guilty. (Dkt. 7.) Therefore, none arises from the later-imposed sentence or from a later-filed state court action. Petitioner has pointed to nothing showing that he could not have challenged his conviction directly after the 2006 judgment.

    (3)    <u>Analysis</u>

Idaho law requires a criminal defendant who wishes to bring non-jurisdictional challenges to his judgment arising from a guilty plea within 42 days, regardless of whether the sentence is suspended. *See Jakoski*, *supra*. Petitioner's claims in the current federal Petition concern only the guilty plea and conviction that occurred in 2006; no claims arising from the later revocation of probation or execution of the sentence of incarceration are raised.

Accordingly, the Court concludes that Petitioner's one-year federal statute of limitations began running when his judgment became final, on August 7, 2006, which

**MEMORANDUM DECISION AND ORDER - 7**

was 42 days after he was sentenced on July 27, 2006. The federal statute of limitations continued running until it expired one year later, on August 7, 2007, because no state court action challenging his conviction or sentence was filed within that time period.

Another federal district court facing this same question determined:

> Under 28 U.S.C. § 2244(d)(1)(A), the one-year statute of limitations for challenging any substantive issues relating to a trial court judgment which imposes probation begins to run when the judgment imposing probation becomes final. See Caldwell v. Dretke, 429 F.3d 521, 530 (5th Cir.2005). By contrast, any claims arising from the revocation of probation would begin to run when the judgment that revoked the petitioner's probation became final. *See Davis v. Purkett*, 296 F.Supp.2d 1027, 1029-30 (E.D.Mo.2003).

*Hathcock v. McDonough*, 2008 WL 2814868, at *5 (S.D. Fla. 2008).

Other courts have similarly concluded. *Cf. Williams v. Smith*, 2012 WL 3985609 (E.D. Va. 2012) (Where a petitioner challenges both his original conviction and a probation revocation related to that conviction in the same 28 U.S.C. § 2254 petition, it is appropriate for the Court to separate the claims relating to the original conviction from the claims relating to the probation revocation.); Short v. Eagleton, 2006 WL 2583614 (D.S.C. 2006) (considering petitioner's claims relating to original conviction separately from claims relating to probation revocation).

The Court rejects Petitioner's reasoning that the date that should be used as the date from which "finality" is calculated is when the current sentence was imposed on February 11, 2008, after revocation of probation. Petitioner challenges neither the

**MEMORANDUM DECISION AND ORDER - 8**

sentence imposed on February 11, 2008, nor the revocation of probation leading up to that sentence. Once the federal statute of limitations expires on claims arising from the original conviction, it cannot be re-started upon later state court filings. *See Ferguson v. Palmateer*, 321 F.3d 820, 822 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed").

### C.     *Discussion of Equitable Tolling*

Petitioner argues that he should be granted equitable tolling, because his 2008 state Rule 35 motions were untimely, with the lateness attributable to his defense counsel. However, because the federal Petition involves only conviction challenges arising from the 2006 judgment, and the Rule 35 motion involved only sentencing challenges that occurred after the probation revocation, anything related to the Rule 35 motions is irrelevant to the federal statute of limitations on the conviction challenges.

The same reasoning applies to Petitioner's allegation that the Idaho Supreme Court wrongfully decided that his notice of appeal in the post-conviction case was untimely filed on July 6, 2010, because that action does nothing to excuse Petitioner's failure to file his federal Petition in 2007, when the federal statute of limitations expired.

Because Petitioner has not pointed to any facts that would support an equitable tolling argument and no such facts are apparent from the record, Petitioner's request for application of equitable tolling to excuse the untimeliness of his filing will be denied.

Accordingly, the Petition will be dismissed with prejudice. As a result, the Court does not address Respondent's alternative argument that the claims are subject to dismissal based upon procedural default.

### REVIEW OF THE CLAIMS AND THE COURT'S DECISION
### FOR PURPOSES OF CERTIFICATE OF APPEALABILITY

Upon dismissal or denial of a habeas corpus petition, the Court is required to evaluate the claims within the petition for suitability for issuance of a certificate of appealability (COA). 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); Rule 11(a), Rules Governing Section 2254 Cases. A petitioner's appeal cannot proceed without obtaining a COA and filing a timely notice of appeal.

A COA will issue only when a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has explained that, under this standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citation and punctuation omitted).

When a court has dismissed a petition or claim on procedural grounds, in addition to showing that the petition "states a valid claim of the denial of a constitutional right," as explained above, the petitioner must also show that reasonable jurists would find

**MEMORANDUM DECISION AND ORDER - 10**

debatable whether the court was correct in its procedural ruling. *Slack,* 529 U.S. at 484. The COA standard "requires an overview of the claims in the habeas petition and a general assessment of their merits," but a court need not determine that the petitioner would prevail on appeal. *Miller-El*, 537 U.S. at 336.

Here, the Court has dismissed Petitioner's claims on procedural grounds. The Court finds that additional briefing on the COA is not necessary. Having reviewed the record thoroughly, the Court concludes that reasonable jurists would not find debatable the Court's decision on the procedural issues and that the issues presented are not adequate to deserve encouragement to proceed further. The Court has carefully searched the record and reviewed the law independently of what Respondent has provided to satisfy itself that justice has been done in this matter where Petitioner is representing himself pro se and has limited access to legal resources. As a result of all of the foregoing, the Court declines to grant a COA on any issue or claim in this action.

If he wishes to proceed to the United States Court of Appeals for the Ninth Circuit, Petitioner must file a notice of appeal in this Court **within thirty (30) days after entry of this Order**, and he may file a motion for COA in the Ninth Circuit Court of Appeals, pursuant to Federal Rule of Appellate Procedure 22(b)(2).

## ORDER

**IT IS ORDERED:**

1. Respondent's Motion to Dismiss (Dkt. 13) is GRANTED. Petitioner's case is DISMISSED with prejudice.

2. The Court will not grant a Certificate of Appealability in this case. If Petitioner chooses to file a notice of appeal, the Clerk of Court is ordered to forward a copy of this Order, the record in this case, and Petitioner's notice of appeal, to the United States Court of Appeals for the Ninth Circuit.

DATED: **February 26, 2013**

Honorable Edward J. Lodge
U. S. District Judge

**MEMORANDUM DECISION AND ORDER - 12**